(C.D. 3441)

HENRY A. WESS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 6, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the protests enumerated in the attached schedule A, annexed to this decision and made a part hereof, was submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 25¢ per pound plus 30% ad valorem under Item 385.61 of the Tariff Schedules of the United States, consists of rayon labels.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 25¢ per pound plus 19% ad valorem under Item 385.61 of the Tariff Schedules of the United States as amended by Section 21 of said Public Law 89–241.

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Accepting the stipulation, we find that plaintiff has complied with both section 514 of the Tariff Act of 1930 and section 2(b) of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, T.D. 56511, and that said merchandise is dutiable at the rate of 25 cents per pound and 19 per centum ad valorem pursuant to the provisions of item 385.61 of the Tariff Schedules of the United States, as amended by section 21 of said Tariff Schedules Technical Amendments Act, for labels of man-made fibers. The claim of the plaintiff to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.